## CIRCUIT COURT OF CAMPBELL COUNTY

Campbell County
Board of Supervisors

v.

Claude M. Royal
and Virginia H. Royal

Case No. CL06000037-00

Campbell County
Board of Supervisors

v.

Modem Home Construction, Inc.

Case No. CL06000038-00

June 26, 2007

By Judge J. Michael Gamble

I am writing this letter to rule on the demurrer to the first amended complaint for condemnation filed in the above cases. In this regard, the demurrers in each of these cases are overruled.

By order dated March 1, 2007, I ruled that plaintiff's pleadings failed to comply with §§ 25.1-204 and 25.1-417 of the Code of Virginia. The plaintiff was granted leave to file an amended condemnation complaint. The plaintiff has now filed an amended condemnation complaint in each of these cases. The defendants have filed a demurrer to each of the amended complaints. In particular, the defendants state that Campbell County has failed to allege that it has provided the Royals with the appraisal required by §§ 25.1-204(C) and

25.1-417. In essence, the demurrer in each case states that Campbell County has failed to appraise the real property before the initiation of negotiations, that Campbell County has not furnished the owner with a copy of the appraisal, and that the appraisal was not prepared for the explicit purpose of valuing the property at issue in these cases.

Section 25.1-417(A)(2) requires a county to appraise the property before the initiation of negotiations, and the owner must be given the opportunity to accompany the appraiser during the inspection of the property.

Campbell County has now properly alleged that the property was appraised prior to the initiation of negotiations. Further, the county has alleged that the owners were given the opportunity to accompany the appraiser during the inspection. Next, while Campbell County did not provide the property owners with a copy of the appraisal prior to initiating negotiations and the lawsuit, it has now furnished the plaintiffs with a copy of this appraisal. It has also renewed its offer to the landowners. This has been sufficiently alleged in the first amended complaint. Accordingly, Campbell County has complied with the statutory requirements that the owners be supplied with a copy of the appraisal.

The defendants also assert that the appraisal fails to meet the requirements of §§ 25.1-204(C) and 25.1-417 because it was prepared for the purpose of evaluating the property for acquisition of easement rights to install public water throughout the property and was not prepared for the purposes at issue in this case. After reviewing the appraisal dated April 12, 2005, the court finds that the appraisal meets the requirements of the pertinent sections of the Code of Virginia. The area sought for easement rights to install a public water system is essentially the same area sought to remediate, extract, and control the contaminated water. Thus, for the purposes of negotiation and condemnation, it satisfies the requirements of the Code.